D. A. BAKER, plaintiff in error, *vs.* G. M. T. BOWER, defendant in error.

1. When a sheriff was notified in writing that an execution placed in his hands was founded on a debt which was for the purchase money of land claimed as a homestead, and, having failed to make the money, was ruled for the amount of the execution :

*Held,* That the sheriff was liable to be ruled for the value of the land he was notified to levy on and sell, that being the extent of the injury which the plaintiff sustained by the failure of the sheriff to perform his legal duty ; and that the rule should have been made absolute against him for that amount, and not for the amount due on the execution, if that exceeds the value of the land.

2. The resolution of the General Assembly prohibiting the levy of and sale under executions founded upon debts contracted prior to June, 1865, is not a good excuse for a sheriff who failed to collect the money on such execution. (R )

Rule against Sheriff. Relief. Homestead. Before Judge GREEN. Newton Superior Court. March Term, 1871.

In 1859 Henry Camp, as trustee of Sarah A. Camp, and James D. Johnson, as security, gave a promissory note to A. P. G. Harris, reciting in it that it was "for the land late residence of West Harris, deceased." A. P. G. Harris sold this note to Baker. Johnson died and Pace administered on his estate. Baker had sued and obtained judgment on said note; it became dormant, and was revived in December, 1869. In April, 1870, a *fi. fa.* was issued. On the 16th of May, 1870, plaintiff's attorney delivered to Bower, the sheriff, a written order " *at once* to levy the *fi. fa.* on the land adjoining (him) you, that purchased of ........ Harris, and now in possession of said Henry Camp and family, the judgment and *fi. fa.* being for the purchase-money of said land. In default I shall seek to execute the law."

On the 29th of July, 1870, Bower levied the *fi. fa.* on said land, stating in the levy that it was done under said order. On the 4th of August, 1870, Camp, as trustee, made affidavit that he desired to take the benefit of the

Relief Act of 1868. Thereupon, Bower suspended proceedings. Plaintiff's counsel ruled him for the money. He answered that he made said levy under said order, as aforesaid, and, when about to advertise the land for sale in September, received said affidavit and stopped proceedings, because he was advised and believed it was his duty, so to do, and returned the papers to Court, that the relief matter might be disposed of. Further, he said that when said order to levy was given there was in existence a resolution of the General Assembly prohibiting the levy on and sale of property under any *fi. fa.*, founded upon a debt contracted prior to the 1st of June, 1865, and he could not, without disregard of said resolution, sell said property. He notified plaintiff's attorney that he would proceed, if he would give to him a bond of indemnity to protect him for selling the property. Further, he answered that said property had been set apart by the Ordinary as Camp's homestead. At the hearing, the plaintiff's counsel put in evidence the original note, etc., aforesaid. The Court discharged the rule, and that is assigned as error.

CLARK & PACE, for plaintiff in error.

JOHN J. FLOYD, for defendant.

WARNER, Judge.

This was a rule against the sheriff, calling on him to show cause why he should not pay to the plaintiff the amount due on an execution against the defendant, or be attached for contempt in failing to execute the process of the Court. The sheriff in answer to the rule showed for cause that the defendant, on the 4th of August, 1870, filed an affidavit under the provisions of the Act of 1868, for the relief of debtors, and to adjust the same on principles of equity, the note on which the judgment was rendered bearing date prior to the 1st June, 1865. The judgment on which the execution is-

sued is dated 29th September, 1869, that there was a reso-
lution of the General Assembly prohibiting the levy and
sale of property under execution on debts contracted prior
to 1st June, 1865, and that the property of the defendant
has been set apart as a homestead. It appears in the record
that the execution was placed in the sheriff's hands on the
16th of May, 1870, by plaintiff's attorney, with written no-
tice that the debt on which the judgment was founded was
given for the purchase-money of the land on which he was
directed and required to levy the execution, that the sheriff
levied the execution on the land as required by the notice,
on the 24th of July, 1870. The rule was moved for against
him in March, 1871. On hearing the rule and the sheriff's
answer, the Court discharged the same, and the plaintiff ex-
cepted. The Court, on the statement of facts disclosed by
the record, should have made the rule absolute against the
sheriff for the amount of the value of the land which he
was notified to levy on and sell, that being the extent of the
*injury* which the plaintiff has sustained by the failure of the
sheriff to perform his legal duty, and not the amount due
on the execution, if that shall exceed the value of the land.
The Court below erred in discharging the rule against the
sheriff.

Judgment reversed.